# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00328-GCM

| | |
|---|---|
| TAMINA BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW M. SAUL,<br><br>Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment (ECF Doc. 16) and Defendant's Motion for Summary Judgment (ECF Doc. 18), as well as the parties' briefs and exhibits.

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment; deny Defendant's Motion for Summary Judgment; reverse the Commissioner's decision; and remand this matter for further proceedings consistent with this Memorandum and Order.

### I. FACTUAL BACKGROUND

On March 14, 2019, the administrative law judge ("ALJ") found Plaintiff had the following severe impairments: seronegative rheumatoid arthritis, mild undifferentiated connective tissue disease, fibromyalgia, asthma, bipolar disorder, and depression. The ALJ also found that Plaintiff's obesity was non-severe. With regard to Plaintiff's mental impairments, the ALJ assessed mild limitations in understanding, remembering, or applying information, mild

limitations in interacting with others, and moderate limitations in concentrating, persisting, or maintaining pace ("CPP").

The ALJ found Plaintiff had the residual functional capacity ("RFC")[1] "to perform medium work," with the following limitations: " the claimant must avoid concentrated exposure to extreme cold and hazards; avoid concentrated exposure to odors, dusts, gases, and poor ventilation; the claimant is limited to frequent, but not constant fingering; frequent, but not constant foot pedal controls; and, the claimant is limited to simple routine tasks." Tr. at 21. In making this RFC determination, the ALJ listed the evidence he used and the weights he gave various opinions. He also concluded Plaintiff's allegations concerning intensity, persistence, and limiting effects of her impairments were not entirely consistent with the evidence on the record.

Based on the established RFC and the vocational expert's testimony at Step 5, the ALJ concluded that Plaintiff could perform certain jobs existing in substantial numbers in the national economy and denied benefits. Any additional relevant facts are set forth in the discussion section below.

**II.     PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs. Plaintiff filed the present action on June 11, 2020. In her Motion for Summary Judgment, Plaintiff argues: (1) the ALJ failed to properly account for her moderate CPP limitation when he included only a limitation to simple, routine, tasks ("SRTs") in his RFC determination; (2) the Appeals Council ("AC") erred in failing to consider the work performance evaluation from February 28, 2019 upon appeal; and

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

(3) the ALJ erred by failing to evaluate a particular conclusion of Dr. Whalen, Plaintiff's treating source, in making his RFC determination. In the discussion below, the Court concludes that remand is necessary under Plaintiff's first assignment of error. Therefore, the Court need not address the remaining two assignments of error.

### III. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); see also *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, the Fourth Circuit noted that "[s]ubstantial evidence has been defined as being 'more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson*, 402 U.S. at 401; *see also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome, so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

The question before the ALJ was whether Plaintiff became disabled at any time.[2] A five-step process, known as sequential review, is used in determining whether a Social Security claimant is disabled. A disability claim is evaluated pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the RFC to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i)–(v). In this case, the ALJ determined Plaintiff was not disabled at Step Five in the sequential evaluation process.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Plaintiff contends the ALJ erred pursuant to *Mascio v. Colvin* when the ALJ found that Plaintiff had a moderate CPP limitation but only restricted Plaintiff to SRTs in the RFC assessment. In *Mascio v. Colvin*, the Fourth Circuit concluded that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d 632, 638 (4th Cir. 2015). This is because, "[t]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* While an ALJ could explain why a moderate CPP limitation does not translate into a limitation within the RFC, where the ALJ offers no such explanation a remand is appropriate. *Id.*

Here, as to mental limitations, the ALJ found that Plaintiff had a moderate CPP limitation. Then, the ALJ only included a limitation to SRTs in the RFC assessment. The only explicit explanation the ALJ gave for his limitation to SRTs was that "in light of moderate limitations in concentrating, persisting, or maintaining pace, the residual functional capacity limits the claimant to simple routine tasks." Tr. at 24. The ALJ explained the weight he gave to the relevant opinions, but he did not explicitly discuss evidence regarding Plaintiff's ability to stay on task. Nor do the opinions underlying the ALJ's reasoning explicitly discuss Plaintiff's ability to stay on task, although the state agency psychological consultant opinions upon which the ALJ gave "weight" found that Plaintiff had a mild CPP limitation and was able to perform some aspects of self-care, care for a dog, prepare meals without assistance, perform light household chores, drive independently, go shopping for personal needs, and spend time with others with no problems. Because there was no explanation as to the ALJ's decision only to limit Plaintiff to SRTs, Plaintiff argues remand is warranted under *Mascio*.

Defendant maintains the present case is distinguishable from *Mascio* because, here, the ALJ included a limitation to SRTs within the RFC assessment and explained the weight he gave to varying opinions that addressed Plaintiff's mental limitations. Therefore, Defendant contends the ALJ's analysis satisfies the standards developed in *Mascio*. The Court disagrees. Whether an ALJ's analysis is sufficient under *Mascio* is determined on the facts of each case and, based on the facts of this case, the Court cannot find that the ALJ sufficiently explained why his RFC assessment accounted for Plaintiff's moderate CPP limitation, especially where the ALJ's decision does not discuss or address Plaintiff's potential need for a limitation on the pace or rate at which Plaintiff can work. The ALJ may have had a reasonable explanation for why the RFC assessment only limited Plaintiff to SRTs, but neither the ALJ's opinion nor the evidence upon which the ALJ relied sufficiently elucidate that reasoning to the Court.

As explained previously, because the Court will remand based on *Mascio*, there is no need to address Plaintiff's other assignments of error.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

V.   **ORDER**

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF Doc. 16) is **GRANTED**; Defendant's Motion for Summary Judgment (ECF Doc. 18) is **DENIED**; and the Commissioner's decision is **REVERSED**. This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. §405(g).[3]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

   **SO ORDERED**.

Signed: April 27, 2021

Graham C. Mullen
United States District Judge

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. at 884 (42 U.S.C. § 405(g)).